# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF VIRGINIA
# NORFOLK DIVISION

| | |
|---|---|
| ELEGANT MASSAGE, LLC d/b/a LIGHT STREAM SPA, on behalf of itself and all others similarly situated,<br><br>        Plaintiff,<br><br>   v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and STATE FARM FIRE AND CASUALTY COMPANY,<br><br>        Defendants. | Civil Action No. _____<br><br><br>**CLASS ACTION COMPLAINT AND<br>DEMAND FOR JURY TRIAL** |

The allegations herein are based on personal knowledge as to Plaintiff's own conduct and are made upon information and belief as to all other matters based on an investigation by counsel:

## I. INTRODUCTION

1. Plaintiff Elegant Massage, LLC d/b/a Light Stream Spa ("Plaintiff") brings this class action against Defendants State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company ("Defendants"), individually and on behalf of all persons or entities in the United States who purchased State Farm-branded "all risk" commercial property insurance policies that included Loss of Income and Extra Expense Coverage and were denied claims for lost business income and extra expenses as a result of social distancing guidance and closure/stay-at-home orders issued in connection with the COVID-19 global pandemic.

2. Plaintiff owns and operates Light Stream Spa, which provides therapeutic massages to the Virginia Beach area. To protect itself against an unexpected interruption to its business, Plaintiff purchased an "all risk" commercial property insurance policy from Defendants in 2019 that provided Loss of Income and Extra Expense Coverage. Plaintiff fully performed its obligations under the Policy by paying the agreed premiums. This Policy, which remains in force as of today, promised Plaintiff the reimbursement of lost income and other expenses in the event that its business was suspended.

3. Beginning in March 2020 and continuing to the present, Plaintiff, and many other similarly situated individuals and businesses, suffered a dramatic financial hit. In the midst of the COVID-19 global pandemic, authorities across the nation, including the Centers for Disease Control and Protection (the "CDC"), the White House and the Commonwealth of Virginia, issued guidance and orders that limited human interaction, closed businesses and required residents to stay at home. Such orders have prevented businesses – like Light Stream Spa – from being able to operate and generate revenue.

4. On March 16, 2020, the CDC and the White House issued guidance recommending the implementation of "social distancing" policies, such as avoiding gatherings of more than ten people and avoiding discretionary travel, like shopping trips or social visits.

5. In Virginia, a state of emergency was declared in early March, followed by a series of social distancing restrictions and closures aimed to stop the spread of the virus. Notably, on March 17, 2020, the Governor of Virginia issued an order limiting the number of patrons permitted in certain businesses. On March 23, 2020 the Governor issued an order closing all recreational and entertainment businesses. And, on March 30, 2020, the Governor ordered all individuals to remain at their place of residence except when engaging in certain necessary activities.

6. In light of the federal guidance and the subsequent orders issued by the Governor of Virginia, Plaintiff ceased its operations entirely, which has resulted in a significant loss of revenue.

7. Given this complete disruption of its business, Plaintiff tendered a claim to Defendants seeking reimbursement for its lost income and extra expenses under their policy's Loss of Income and Extra Expense Coverage. *See* Exhibit A. Defendants, however, wrongfully denied Plaintiff's claim, refusing to provide any reimbursement and claiming that Plaintiff's loss was excluded from coverage. *See* Exhibit B.

## II.   JURISDICTION AND VENUE

8. This Court has subject-matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2) because: (i) this is a class action, including claims asserted on behalf of a nationwide class, filed under Rule 23 of the Federal Rules of Civil Procedure; (ii) there are thousands of potential class members; (iii) the aggregate amount in controversy exceeds the jurisdictional amount of $5,000,000.00; and (iii) Plaintiff and members of the class are citizens of States different from Defendants.

9. This Court also has subject matter jurisdiction over Plaintiff's and the proposed class's claims pursuant to 28 U.S.C. § 1367(a).

10. This Court has personal jurisdiction over Defendants, because Defendants have submitted to jurisdiction in this state by marketing, advertising and selling insurance policies, including the insurance policy sold to Plaintiff, within Virginia through numerous agents doing business in Virginia. Defendants' actions, denying Plaintiff's insurance claim for loss of income and extra expenses, have further caused harm to Plaintiff, a Virginia corporation with its principal place of business in Virginia, as well as members of the class residing in Virginia. In addition, Defendants exercise substantial, systematic and continuous contacts with Virginia by doing business in Virginia, serving insureds in Virginia, and seeking additional business in Virginia.

11. This Court has jurisdiction to grant declaratory relief under 28 U.S.C. § 2201 because an actual controversy exists between the parties as to their respective rights and obligations under the Policy (defined below).

12. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims occurred within this District.

**III. PARTIES**

13. Plaintiff Elegant Massage, LLC, doing business as Light Stream Spa, is a Virginia corporation and with its principal place of business located at 665 Newtown Road, Suite 114, Virginia Beach, Virginia 23462.

14. Defendant State Farm Mutual Automobile Insurance Company is organized under the laws of the State of Illinois and licensed in all 50 states, the District of Columbia, and the provinces of Alberta, New Brunswick, and Ontario. Defendant State Farm Mutual Automobile Insurance Company's corporate headquarters is located at One State Farm Plaza, Bloomington, IL 61710.

15. Defendant State Farm Fire and Casualty Company is organized under the laws of the State of Illinois. Defendant State Farm Fire and Casualty Company provides property insurance for State Farm customers in the United States and the product lines that it writes include homeowners, boat owners and commercial lines. Defendant State Farm Fire and Casualty Company's corporate headquarters is located at One State Farm Plaza, Bloomington, IL 61710.

## IV.  FACTUAL ALLEGATIONS

### A.  The COVID-19 Global Pandemic

16. In December 2019, a novel strain of coronavirus—now called SARS-CoV-2—was first reported in Wuhan, Hubei province, China. The virus, and the respiratory disease it causes (COVID-19), quickly spread to many other countries, including the United States.

17. On March 11, 2020, the World Health Organization declared the COVID-19 outbreak a global pandemic, and on March 12, 2020, the Governor of Virginia, Ralph S. Northam, declared a state of emergency.

18. By mid-March 2020, there were thousands of confirmed COVID-19 cases in the United States. On March 16, 2020, in order to slow the spread of the virus, which threatened to overwhelm healthcare systems throughout the country—and in response to research indicating that the virus spreads primarily through close proximity between people—President Donald J. Trump and the CDC issued guidance recommending the implementation of "social distancing" policies, such as avoiding gatherings of more than ten people and avoiding discretionary travel, like shopping trips or social visits.

19. On March 17, 2020, Governor Northam and the Virginia State Health Commissioner declared a public health emergency and restricted the number of patrons permitted in restaurants, fitness centers and theaters to ten or less.

20. On March 23, 2020, Governor Northam issued Executive Order No. 53, which ordered the closure, effective March 24, 2020, of "recreational and entertainment businesses," including specifically "spas" and "massage parlors." The closure was initially set to expire on April 24, 2020, but it was extended by the Governor until May 8, 2020.

21. On March 30, 2020, Governor Northam issued Executive Order No. 55, which ordered all individuals in Virginia to stay at home unless carrying out necessary life functions.

22. Similar closure/stay-at-home orders were issued statewide in 38 states and in parts of 7 other states in connection with the COVID-19 global pandemic. Even with these precautions, it has been reported that over 320,000 people have died worldwide. In the United States alone, over 90,000 have died, with more than 1.5 million people with confirmed infections.

23. On May 8, 2020, the Governor issued Executive Order No. 61, which amended Executive Order Nos. 53 and 55 and, beginning on May 15, 2020, eased some of the restrictions therein. Under Executive Order No. 61, spas and message centers were permitted to re-open as of May 15, 2020, subject to certain restrictions. Such restrictions include limiting occupancy to 50%, requiring six feet between workstations, requiring workers and patrons to wear face coverings, and requiring hourly cleaning and disinfection while in operation. To the extent that businesses are unable to comply with the restrictions in Executive Order No. 61, they are ordered to remain closed.

**B.    Plaintiff's Business and Loss**

24. Plaintiff owns and operates Light Stream Spa, which has provided therapeutic massage to the Virginia Beach area since 2016.

25. In light of CDC and White House guidance concerning social distancing to stop the transmission of COVID-19, Plaintiff voluntarily closed Light Stream Spa on March 16, 2020 to protect its employees and the public. Governor Northam's subsequent March 23, 2020 closure

order and March 30, 2020 stay-at-home order then mandated that Plaintiff must remain closed at least through May 15, 2020.

26. Through no fault of its own, Plaintiff has suffered a complete loss of income since ceasing its operations on March 16, 2020, and has incurred additional expenses in connection with its shutdown.

### C. The Insurance Policy

27. On or about July 22, 2019, Defendants sold an insurance policy (Policy No. 96-C6-P556-2) (the "Policy") to Plaintiff. The Policy is effective through July 22, 2020. A copy of the Policy is attached hereto as Exhibit A. Among other things, the Policy provided Loss of Income and Extra Expense Coverage.

28. Upon information and belief, the Policy was prepared by Defendant State Farm Mutual Automobile Insurance Company and includes standard forms for Business owners Coverage and Loss of Income and Extra Expense Coverage, among other things.

29. The Policy issued to Plaintiff is an "all risk" commercial property policy, which covers loss or damage to the covered premises resulting from all risks other than those expressly excluded.

30. Plaintiff paid an annual premium of $475.00 to Defendants in exchange for Defendants' promises to provide the insurance coverage set forth in the Policy.

31. Plaintiff purchased the Policy from Nina Ambrose Insurance Agency, Inc. (the "Agent") a State Farm insurance agent located in Chesapeake, Virginia.

32. The Policy incorrectly names "Ladies Spa Inc." as the insured, instead of Elegant Massage, LLC d/b/a Light Stream Spa, but correctly identifies Plaintiff's principal place of business located at 665 Newtown Road, Suite 114, Virginia Beach, Virginia 23462, as the premises

covered under the Policy. Light Stream Spa is the only business operating at 665 Newtown Road, Suite 114, Virginia Beach, Virginia 23462.

    *1. Business Income Losses and Extra Expenses are Covered by the Policy.*

33.    The Policy includes an endorsement for coverage of "Loss of Income and Extra Expense." The standard form for Loss of Income and Extra Expense Coverage is identified as CMP-4705.1.

34.    Pursuant to this provision, Defendants have promised to pay for the actual loss of business income sustained as a result of the suspension of Plaintiff and Class members' operations:

> COVERAGES
>
> 1. Loss Of Income
>
> a. We will pay for the actual "Loss Of Income" you sustain due to the necessary "suspension" of your "operations" during the "period of restoration." The "suspension" must be caused by accidental direct physical loss to property at the described premises. The loss must be caused by a Covered Cause Of Loss …
>
> 2. Extra Expense
>
> a. We will pay necessary "Extra Expense" you incur during the "period of restoration" that you would not have incurred if there had been no accidental direct physical loss to property at the described premises …

35.    The Loss of Income and Extra Expense Coverage (CMP-4705.1) also includes coverage for losses resulting from an action of Civil Authority:

> 4. Civil Authority
>
> a. When a Covered Cause of Loss causes damage to property other than property at the described premises, we will pay for the actual "Loss of Income" you sustain and necessary "Extra Expense" caused by action of civil authority that prohibits access to the described premises …

36. Plaintiff and Class members have suffered a direct physical loss to their property due to the suspension of their business operations from social distancing guidance and closure/stay-at-home orders to stop the transmission of COVID-19.

    2. *Social Distancing Guidance and Closure/Stay-At-Home Orders are a Covered Cause of Loss and Not Excluded by the Policy*

37. A "Covered Causes of Loss" is defined by the Policy in standard form CMP-4100, as:

> We insure for accidental direct physical loss to Covered Property unless the loss is:
>
> 1. Excluded in SECTION I – EXCLUSIONS …

38. The Policy includes an Exclusion for "Ordinance Or Law," which is defined as "[t]he enforcement of any ordinance or law … [r]egulating the construction, use or repair of any property [or] requiring the tearing down of any property[.]"

39. Social distancing guidance and closure/stay-at-home orders issued to stop the transmission of COVID-19 do not qualify as an Ordinance or Law excluded under the Policy.

40. The Policy also includes an Exclusion for "Fungi, Virus or Bacteria," which excludes coverage of losses from:

> **(2)** Virus, bacteria or other microorganism that induces or is capable of inducing physical distress, illness or disease; and
>
> **(3)** We will also not pay for:
> **(a)** Any loss of use or delay in rebuilding, repairing or replacing covered property, including any associated cost or expense, due to interference at the described premises or location of the rebuilding, repair or replacement of that property, by "fungi", wet or dry rot, virus, bacteria or other microorganism;
> **(b)** Any remediation of "fungi", wet or dry rot, virus, bacteria or other microorganism, including the cost or expense to:
> **i.** Remove the "fungi", wet or dry rot, virus, bacteria or other microorganism from Covered Property or to repair, restore or replace that property;

8

>> **ii.** Tear out and replace any part of the building or other property as needed to gain access to the "fungi", wet or dry rot, virus, bacteria or other microorganism; or
>> **iii.** Contain, treat, detoxify, neutralize or dispose of or in any way respond to or assess the effects of the "fungi", wet or dry rot, virus, bacteria or other microorganism; or
>> **(c)** The cost of any testing or monitoring of air or property to confirm the type, absence, presence or level of "fungi", wet or dry rot, virus, bacteria or other microorganism, whether performed prior to, during or after removal, repair, restoration or replacement of Covered Property.

41. Plaintiff's loss here was not caused by the presence of the virus, or an outbreak of COVID-19, on its premises. Rather, Plaintiff's loss results directly from social distancing guidance and closure/stay-at-home orders, which have forced Plaintiff to suspend its operations.

### D. State Farm Denies Plaintiff's Claim

42. On March 16, 2020, Plaintiff submitted a claim for loss of business income and extra expenses under the Policy. On March 26, 2020, Defendants denied Plaintiff's claim (the "Denial Letter"). A copy of the Denial Letter is attached hereto as Exhibit B.

43. In the Denial Letter, Defendants stated:

> It was explained that you voluntarily closed your business on March 16, as a result of Federal recommendations for social distancing due to Covid-19. The impact of the recommendations was reflected in the lack of customers visiting your business beginning a couple days before you elected to close on March 16, 2020. There was no civil order to close your business at the time of our telephone conversation. It was further noted that there is no known damage to your business space or property resulting from Covid-19.
>
> We have completed our evaluation of your claim. In order for your Loss of Income Coverage to apply, the suspension of your business has to be caused by a Covered Cause of Loss outlined in your policy. Unfortunately, your policy specifically excludes coverage for loss caused by virus. Therefore, coverage is not extended for your loss.

44. The Denial Letter attempts to penalize Plaintiff for voluntarily ceasing its operations consistent with federal social distancing guidance and in order to protect its employees

9

and the public from the transmission of COVID-19. The Denial Letter further ignores that the continued closure of Plaintiff's business was mandated by Governor Northam's subsequent orders.

45. Contrary to the statements in the Denial Letter, the Policy does not exclude losses resulting from social distancing guidance and closure/stay-at-home orders, and as such, these constitute a Covered Cause of Loss under the Policy, an "all risk" commercial property insurance policy.

46. Upon information and belief, Defendants have similarly denied coverage nationwide for lost income and extra expenses as a result of social distancing guidance and closure/stay-at-home orders.

47. Upon Defendants' denial of coverage, Plaintiff requested a copy of its commercial property insurance policy from the Agent and Defendants' Claim Specialist. Plaintiff was provided with a copy of the Policy attached as Exhibit A.

## V.  CLASS ACTION ALLEGATIONS

48. Plaintiff brings this proposed action pursuant to Fed. R. Civ. P. 23(b)(1), 23(b)(2) and 23(b)(3) on behalf of themselves and all members of the proposed class and sub-class (or any other class authorized by the court) defined as follows:

> **Nationwide Class**: All persons or entities in the United States that purchased Loss of Income and Extra Expense Coverage from Defendants, with the same or substantially similar terms, and submitted claims for business income losses and/or extra expenses incurred as a result of social distancing guidance and closure/stay-at-home orders in connection with the COVID-19 global pandemic, which were denied by Defendants (the "Nationwide Class" or "Class").

> **Virginia Class:** All persons or entities in the Commonwealth of Virginia that purchased Loss of Income and Extra Expense Coverage from Defendants, with the same or substantially similar terms, and submitted claims for business income losses and/or extra expenses incurred as a result of social distancing guidance and closure/stay-at-home orders in connection with the COVID-19 global pandemic, which were denied by Defendants (the "Virginia Sub-Class" or "Sub-Class").

49. Excluded from the Class and Sub-Class are Defendants and its parents, subsidiaries and corporate affiliates, officers, directors, employees, assigns, and successors, the court, court staff, Defendants' counsel and all respective immediate family members of the excluded entities described above. Also excluded from the Class and Sub-Class are any and all claims involving personal injury.

50. Plaintiff reserves the right to revise the definition of the Class and Sub-Class based upon subsequently discovered information and reserves the right to establish additional sub-classes where appropriate. The Class and Sub-Class are collectively referred to herein as the "Classes."

51. The members of the Classes are so numerous that joinder of all members is impracticable. Plaintiff believes that thousands of persons or entities geographically dispersed throughout the United States and Virginia have been damaged by Defendants' misconduct, alleged herein. The names and addresses of the members of the Classes are readily identifiable through documents maintained by Defendants. Members of the Classes may be notified of the pendency of this action by published, mailed, and/or electronic notice.

52. Plaintiff's claims are typical of the claims of all Class members, as all Class members are similarly affected by Defendants' wrongful conduct and their claims are based on such conduct. Further, Plaintiff's claims are typical of all claims of all Class members because its claims arise from the same underlying facts and are based on the same factual and legal theories as the claims of all Class members.

53. Plaintiff and its counsel will fairly and adequately protect the interests of the Classes. Plaintiff's interests do not conflict with the interests of the Classes it seeks to represent. Plaintiff has retained counsel competent and experienced in class and complex litigation. Plaintiff and its counsel have vigorously prosecuted, and will continue to vigorously prosecute, this action.

54. Class certification is warranted because common questions of law and fact exist as to all Class members and predominate over any questions affecting only individual Class members. The questions of law and fact common to the Classes include, without limitation:

55. Whether the Policy obligated Defendants to cover Plaintiff and Class members' losses of business income due to social distancing guidance and closure/stay-at-home orders in connection with the COVID-19 global pandemic;

56. Whether, through the acts and conduct alleged above, Defendants violated its express or implied obligations to Class members; and

57. Whether Class members have been damaged by the wrongs alleged herein.

58. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all members is impracticable. Even if individual Class members had the resources to pursue individual litigation, it would be unduly burdensome on the courts in which the individual litigation would proceed. Individual litigation magnifies the delay and expense to all parties in the court system of resolving the controversies engendered by Defendants' common course of conduct. The class action device allows a single court to provide the benefits of unitary adjudication, judicial economy, and the fair and equitable handling of all class members' claims in a single forum. The conduct of the action as a class action conserves resources of the parties and of the judicial system, and protects the rights of the class members. Furthermore, for many, if not most Class members, a class action is the only feasible mechanism that allows them an opportunity for legal redress and justice.

59. The interest of members within the Classes in individually controlling the prosecution of separate actions is theoretical and not practical. The Classes have a high degree of

similarity and are cohesive, and Plaintiff anticipates no difficulty in the management of this matter as a class action.

60. The Classes may be certified under Fed. R. Civ. P. 23(b)(1)(A) and (B) because the prosecution of separate actions by individual members of the Classes would create a risk of inconsistent or varying adjudications with respect to individual members of the Classes, which would establish incompatible standards of conduct for Defendant, would be dispositive of the interests of nonparties to the individual adjudications, and would substantially impair the ability of such nonparties to protect their interests.

61. The Classes may also be certified under Fed. R. Civ. P. 23(b)(2) because Defendants have acted on grounds generally applicable to the Classes, thereby making it appropriate to award declaratory relief with respect to the Classes.

62. Further, questions of law and fact common to members of the Classes predominate over any questions affecting any individual members and a class action is superior to other available methods for the fair and efficient adjudication of the controversy as recognized by Fed. R. Civ. P. 23(b)(3).

**VI. CLAIMS FOR RELIEF**

### COUNT I
### DECLARATORY JUDGMENT

63. Plaintiff incorporates by reference, as if fully set forth herein, the facts set forth in the above paragraphs.

64. Plaintiff brings this cause of action on behalf of itself and the Classes.

65. The Policy is an insurance contract under which Defendants were paid premiums in exchange for its promise to pay Plaintiff and Class Members' losses for claims covered by the

Policy, such as loss of business income and extra expenses incurred as a result of social distancing guidance and closure/stay-at-home orders in connection with the COVID-19 global pandemic.

66. Plaintiff and the members of the Classes have complied with all applicable provisions of the Policy, including payment of the premiums in exchange for coverage under the Policy.

67. Defendants have arbitrarily and without justification refused to reimburse Plaintiff and Class members for loss of business income and extra expenses incurred as a result of social distancing guidance and closure/stay-at-home orders in connection with the COVID-19 global pandemic.

68. An actual case or controversy exists regarding the rights of Plaintiff and Class members and Defendants' obligations under the Policy to reimburse Plaintiff and Class members for the full amount of losses incurred by them as a result of social distancing guidance and closure/stay-at-home orders in connection with the COVID-19 global pandemic.

69. Pursuant to 28 U.S.C. § 2201, Plaintiff and Class members seek a declaratory judgment from this Court declaring the following:

70. Plaintiff and Class members' business income losses and extra expenses, incurred as a result of social distancing guidance and closure/stay-at-home orders in connection with the COVID-19 global pandemic, are insured losses under the Policy; and

71. Defendants are obligated to pay Plaintiff for the full amount of the business income losses and extra expenses incurred and to be incurred as a result of social distancing guidance and closure/stay-at-home orders in connection with the COVID-19 global pandemic.

## COUNT II
## BREACH OF CONTRACT

72. Plaintiff incorporates by reference, as if fully set forth herein, the facts set forth in the above paragraphs.

73. Plaintiff brings this cause of action on behalf of itself and the Classes.

74. The Policy is an insurance contract under which Defendants were paid premiums in exchange for their promise to pay the losses of Plaintiff and Class members for claims covered by the Policy, such as business income losses and extra expenses incurred as a result of social distancing guidance and closure/stay-at-home orders in connection with the COVID-19 global pandemic.

75. Plaintiff and Class members have complied with all applicable provisions of the Policy, including payment of the premiums in exchange for coverage under the Policy, and yet Defendants have abrogated its insurance coverage obligations pursuant to the Policy's clear and unambiguous terms.

76. By denying coverage for any business income losses and extra expenses incurred by Plaintiff and Class members as a result of social distancing guidance and closure/stay-at-home orders in connection with the COVID-19 global pandemic, Defendants have breached its coverage obligations under the Policy.

77. As a result of Defendants' breach of the Policy, Plaintiff and Class members have sustained substantial damages for which Defendants are liable, in an amount to be established at trial.

**VII. PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of itself and all others similarly situated, respectfully request that this Court enter judgment against Defendants and in favor of Plaintiff and the Classes, and award the following relief:

A. An order certifying this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, declaring Plaintiff as the representative of the class, and Plaintiff's counsel as counsel for the class;

B. An order declaring that Defendants have breached its contractual obligations to Plaintiff and Class members;

C. An order temporarily and permanently enjoining Defendants from engaging in the unlawful practices alleged herein;

D. An order awarding actual damages to Plaintiff and Class members to fully compensate them for losses sustained as a direct, proximate, and/or producing cause of Defendants' breaches and unlawful conduct;

E. An order requiring Defendants to pay both pre- and post-judgment interest on any amounts awarded;

F. An award of costs, expenses and attorneys' fees as permitted by law; and

G. Such other or further relief as the Court may deem appropriate, just, and equitable.

**VIII. DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

| | |
|---|---|
| DATED: May 27, 2020 | Respectfully submitted, |
| | */s/ William H. Monroe, Jr.* |

William H. Monroe, Jr. (VSB No. 27441)
Marc C. Greco (VSB No. 41496)
Kip A. Harbison (VSB No. 38648)
Michael A. Glasser (VSB No. 17651)
**GLASSER AND GLASSER, P.L.C.**
580 East Main Street, Suite 600
Norfolk, VA 23510
Telephone: (757) 625-6787
Facsimile: (757) 625-5959
bill@glasserlaw.com
marcg@glasserlaw.com
kip@glasserlaw.com
michael@glasserlaw.com

Joseph H. Meltzer
Naumon Amjed
Melissa L. Troutner
Ethan Barlieb
Jordan Jacobson
**KESSLER TOPAZ
MELTZER & CHECK, LLP**
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
jmeltzer@ktmc.com
namjed@ktmc.com
mtroutner@ktmc.com
ebarlieb@ktmc.com
jjacobson@ktmc.com

James E. Cecchi
Lindsey H. Taylor
**CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO, P.C.**
5 Becker Farm Road
Roseland, New Jersey 07068
Telephone: (973)-994-1700
Facsimile: (973)-994-1744
jcecchi@carellabyrne.com
ltaylor@carellabyrne.com

*Attorneys for Plaintiff and the proposed class*

17